**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 04-CR-209-TCK |
| | ) | (09-CV-013-TCK-FHM) |
| **MICHAEL DON GREENE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 141) filed by Defendant Michael Don Greene ("Defendant" or "Greene"). The government filed a response (Dkt. # 144). Defendant filed a reply (Dkt. # 146). For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied.

***BACKGROUND***

The record for this case demonstrates that on December 9, 2004, Defendant was indicted on charges of tax evasion (Count 1) and subscribing to a false tax declaration (Count 2). See Dkt. # 1. In considering Defendant's claims on direct appeal, the Tenth Circuit summarized the charges against Defendant as follows:

> Count One of the indictment in the current case alleged that during the time from August 1998 to November 29, 2002, Defendant willfully attempted to evade payment of "a large part of the income tax due and owing by him" for the calendar years 1990, 1991, 1994 and 1995 in an amount of more than $641,000 in three ways: "by concealing and attempting to conceal ... the nature and extent of his assets, by placing funds and property in the names of nominees, and by filing a false and fraudulent offer in compromise (supported by a false declaration under oath on Form 433-A)."

> Count Two of the Indictment focused on the allegation of a false declaration under oath, charging it as a separate crime under 26 U.S.C. § 7206(1). That count more specifically charged that the sworn Form 433-A, which Defendant submitted on January 19, 2000, called for the Defendant to list all of his assets, but that he knowingly omitted from the form four specific assets. These omitted assets included three bank accounts, which were described by the name of the bank, the account number and the balance as of the date of the sworn statement (which totaled more than $290,000). The fourth omitted asset was described as a note in the amount of $85,000 payable to Defendant doing business as VK Investments.

United States v. Greene, 239 Fed.Appx. 431, 434-35 (10th Cir. 2007) (unpublished) (footnote omitted); Dkt. # 107. As noted by the Tenth Circuit, the allegations pertaining to Count 1 were later narrowed to cover only the years 1990 and 1991.

Based on those charges, Defendant was tried by a jury from August 23, 2005, through September 1, 2005. The government presented testimony from twenty-five (25) witnesses. Defendant presented testimony from five (5) witnesses. On September 1, 2005, the jury returned guilty verdicts as to Count 1, tax evasion, and Count 2, subscribing to a false tax declaration. On February 4, 2006, the Hon. H. Dale Cook sentenced Defendant to 60 months imprisonment on Count 1, and to 10 months imprisonment on Count 2, to be served consecutively, for a total term of 70 months imprisonment. See Dkt. # 93. Defendant was also sentenced to 3 years supervised release on Count 1, and to 1 year supervised release on Count 2, to be served concurrently, for a total term of 3 years supervised release. He was fined $250,000.00 per count, for a total fine of $500,000.00. Judgment and Commitment (Dkt. # 94) was entered on March 7, 2006. Greene was represented during criminal proceedings by retained counsel Stanley Monroe.

Defendant filed a direct appeal at the Tenth Circuit Court of Appeals. Continuing to be represented by attorney Monroe, Defendant raised the following claims: (1) the indictment was multiplicitous and Count 1 was duplicitous because it charged both evasion of taxes and submitting

a false declaration under oath, (2) he was subjected to double jeopardy because he had been previously convicted of filing a false tax return for 1990, (3) the government breached the plea agreement entered into in 1996, (4) insufficient evidence supported his conviction on Count 1, (5) evidentiary rulings by the trial court denied him the opportunity to present his defense, (6) the trial court erred in refusing to give certain jury instructions, (7) the trial judge violated Apprendi v. New Jersey[1] in relying on a post-verdict calculation of the amount of tax loss in determining the advisory guidelines range, (8) interest and penalties should not have been included in the calculation of the tax loss, (9) the trial court's calculation of the tax loss was erroneous, and (10) the trial judge erred in imposing a fine in excess of the guidelines range. By Order filed August 16, 2007 (Dkt. # 107), the Tenth Circuit rejected each of Defendant's claims, except his claim challenging the validity of the fine imposed by the trial court. The appellate court affirmed Defendant's convictions and terms of imprisonment, but remanded to the District Court to explain the reasons for imposition of the fine. Id.

On January 7, 2008, prior to being resentenced, Defendant provided notice that he had fired his attorney. See Dkt. 109. On January 24, 2008, the Court determined that Defendant was indigent and appointed attorney Shannon McMurray from the Office of the Federal Public Defender to represent Defendant at resentencing. See Dkt. # 118. Thereafter, on January 30, 2008, retained counsel Oscar Stilley entered his appearance on behalf of Defendant. As a result, the Court allowed attorney McMurray to withdraw. On February 5, 2008, the Court determined that Oscar Stilley[2]

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2] On February 5, 2008, the government filed a notice (Dkt. # 125) informing the Court that as of January 11, 2008, attorney Stilley had been suspended from the practice of law in the State of Arkansas.

could not represent Defendant and further made findings on the fines imposed, as directed by the Tenth Circuit. By Order filed February 8, 2008 (Dkt. # 127), the Court memorialized its reasoning for the fines imposed. Defendant appealed. On October 16, 2008, the Tenth Circuit affirmed the trial judge's imposition of a total fine of $500,000.00. See Dkt. # 138; United States v. Greene, 296 Fed.Appx. 697 (10th Cir. 2008) (unpublished).

On January 13, 2009, Defendant, appearing *pro se*, filed the 28 U.S.C. § 2255 motion (Dkt. # 141) presently before the Court.[3] He identifies four (4) grounds of error as follows:

Ground 1: Lack of subject matter jurisdiction [predicated on Defendant's alleged lack of taxable income for 1990 and 1991 tax years].

Ground 2: Insufficient evidence to prove a deficiency or willfulness.

Ground 3: Ineffective assistance of counsel [based on counsel's failure to give timely notice of intent to call expert witness].

Ground 4: Denial of due process, Fifth Amendment violations [based on trial court's failure to allow Defendant to "challenge the validity of the deficiency"].

(Dkt. # 141). Defendant states that none of his four claims was raised on direct appeal due to ineffective assistance of counsel. In response to the § 2255 motion, see Dkt. # 144, the government asserts that the claims were in fact raised on direct appeal. The government further asserts that Defendant's claim of ineffective assistance of counsel as identified in the § 2255 motion lacks merit and Defendant is not entitled to relief. See id.

---

[3]Defendant filed his § 2255 motion after the death of the trial judge, the Hon. H. Dale Cook. The motion was randomly assigned to the undersigned.

*ANALYSIS*

**A.  Evidentiary hearing**

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

**B.      Grounds 1, 2, and 4 were raised and adjudicated on direct appeal and will not be reconsidered under § 2255**

In response to Defendant's motion, the government asserts that each of the claims raised in the motion were in fact raised on direct appeal. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will generally not be reconsidered on a collateral attack by a motion pursuant to 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (quoting United States v. Nolan, 571 F.2d 528, 530 (10th Cir. 1978)); see also United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (holding that defendant could not raise issues in a § 2255 motion that were "previously considered and disposed of" on direct appeal). Furthermore, a decision rendered by the circuit court of appeals on a claim reurged in a § 2255 motion is binding in the § 2255 case. United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir.1998) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotations omitted).

Upon review of the § 2255 motion, the government's response thereto, and Defendant's reply, the Court finds merit to the government's assertion that the foundation of each claim was adjudicated by the Tenth Circuit on direct appeal. The Court will discuss Defendant's claims.

### *1. Lack of subject matter jurisdiction/sufficiency of the evidence (grounds 1 and 2)*

Defendant claims in his first proposition of error that the federal district court lacked subject matter jurisdiction because the records relied upon by the government prove that he did not have taxable income during 1990 and 1991. See Dkt. #s 141, 146. As a result, Defendant claims there was no tax liability under 26 U.S.C. § 7201 and subject matter jurisdiction was not present. See Dkt. # 146. As his second proposition of error, Defendant challenges the sufficiency of the evidence supporting both the existence of a tax deficiency and his willfulness in evading his tax liability. According to the government, see Dkt. # 144, counsel for Defendant raised these issues, albeit stated somewhat differently, on direct appeal. The Court agrees with the government.

As a preliminary matter, the Court rejects Defendant's general allegation that the trial court lacked subject matter jurisdiction. A federal district court is vested with jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. The Court clearly had subject matter jurisdiction over the prosecution of Defendant on the charges of tax evasion and filing a false written declaration. See United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (compiling cases rejecting challenges to subject matter jurisdiction).

"To obtain a conviction for evasion, the government must prove three elements: 1) the existence of a substantial tax liability, 2) willfulness, and 3) an affirmative act constituting an evasion or attempted evasion of the tax." United States v. Chisum, 502 F.3d 1237, 1244 (10th Cir. 2007) (citing United States v. Meek, 998 F.2d 776, 779 (10th Cir. 1993)). Defendant's challenge to the trial court's subject matter jurisdiction is actually a challenge to the sufficiency of the evidence supporting the first element of the crime of tax evasion. Although appellate counsel did not argue that the district court lacked subject matter jurisdiction as urged by Defendant in his §

2255 motion, appellate counsel did raise the issue underlying Defendant's subject matter jurisdiction claim, i.e., that the government failed to provide sufficient evidence to prove that there was a tax deficiency. See Dkt. # 144, attachment A. The Tenth Circuit rejected the claim, finding that "the evidence was sufficient to show that a substantial tax was owed . . . ." Dkt. # 107 at 13. Because the Tenth Circuit rejected Defendant's challenge to the sufficiency of the evidence of a tax deficiency, the claim underlying Defendant's challenge to the district court's jurisdiction, this Court will not reconsider the claim under § 2255. Defendant is not entitled to relief under § 2255 on his claim challenging the Court's jurisdiction.

Similarly, appellate counsel challenged the sufficiency of the evidence supporting the willfulness element of the crime of tax evasion. See Dkt. # 44, attachment A at 41. The Tenth Circuit rejected the claim, finding that "the evidence was more than sufficient to show that a substantial amount was owed . . . and that Defendant willfully acted to evade payment of his obligations through the means charged in the indictment and found by the jury in response to the special verdict form." See Dkt. # 107 at 14-15. The Tenth Circuit further found that Defendant's argument concerning the willfulness element was "without force." Id. at 13. Because the Tenth Circuit rejected the claim on direct appeal, this Court will not consider the claim. Defendant is not entitled to relief under § 2255 on his claim challenging the sufficiency of the evidence supporting the willfulness element.

### *2. Denial of due process/violations of the Fifth Amendment (ground 4)*

As his fourth proposition of error, Defendant argues that the trial court erred in not allowing him to present his defenses to the crimes charged. Specifically, Defendant complains that the trial court did not allow defense witnesses Gardner (his accountant), Blessington (his prior tax attorney), or Tom[4] (his former trial attorney) to testify concerning the alleged tax liability; and did not allow admission of relevant documentary evidence. See Dkt. # 141. The government contends that these claims were raised by appellate counsel on direct appeal. See Dkt. # 144. Upon review of the brief filed on direct appeal, the Court agrees with the government that these claims were raised on direct appeal and rejected by the Tenth Circuit. See Dkt. # 144, attachment A; Dkt. # 107 at 20-22. Because the Tenth Circuit addressed these issue on direct appeal, this Court will not reconsider the claim. Defendant is not entitled to relief under § 2255 on his claim alleging due process and Fifth Amendment violations.

### C. Ineffective assistance of counsel claim (ground 3) lacks merit

As his third proposition of error, Defendant alleges his attorney provided ineffective assistance when he was late in providing notice to the government of the proposed testimony of Defendant's expert witness, Michael Deeba. See Dkt. # 141. Defendant identifies other instances of ineffective assistance of counsel in his reply (Dkt. # 146)[5] to the government's response.

---

[4]Defendant's former attorney, Paul R. Tom, testified at the sentencing hearing held on February 24, 2006. See Dkt. # 103, Sent. Hr'g Trans. dated February 24, 2006, at 66-95. He did not testify during the trial.

[5]In his reply (Dkt. # 146), Defendant alleges for the first time that his counsel provided ineffective assistance in failing to file a motion for a continuance after the trial court granted the government's motion in limine to exclude Defendant's expert witness, in advising him not to testify at trial, in failing to object to the government's Exhibit 21-A, and that he was denied a fair trial as a result of the accumulated errors by trial counsel. He further argues for the first time that "[t]he

However, those claims were not raised in the § 2255 motion and are waived. See United States v. Hall, 2009 WL 4507920 (D. Kan. Dec. 1, 2009) (unpublished) (citing United States v. Alvarez, 137 F.3d 1249, 1251 n.3 (10th Cir. 1998)). They will not be considered by the Court.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

---

other accumulated failures of counsel increased exposure to sentence enhancements which added 64 months to Defendant's sentence." See Dkt. # 146.

probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Upon review of the record in this case, the Court finds that Defendant cannot satisfy the prejudice prong of the Strickland standard. The record reflects that the trial judge's refusal[6] to allow the proposed testimony of Defendant's expert, Michael Deeba, was not based on the tardiness of defense counsel's notice. Instead, the testimony was excluded based on the trial court's assessment of the proposed testimony and the Federal Rules of Evidence. See Dkt. # 83, Tr. Trans. dated August 23, 2005, at 17-35. Defendant has failed to demonstrate that even if defense counsel had filed a timely notice of his intent to call Mr. Deeba as an expert witness, the trial judge would have allowed the testimony and the expert's testimony would have produced a reasonable probability that the outcome of the trial would have been different. Strickland, 466 U.S. at 694. Therefore, Defendant has failed to demonstrate that he was prejudiced by his attorney's failure to file a timely notice concerning the testimony of Mr. Deeba. The Court concludes that Defendant is not entitled to relief under 28 U.S.C. § 2255 based on this claim of ineffective assistance of counsel.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

---

[6]On direct appeal, the Tenth Circuit rejected appellate counsel's claim that the trial judge erred in refusing to allow Defendant's expert to testify. See Dkt. # 107 at 16-18.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 141) is **denied**.

2. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 1st day of April, 2010.

*Terence C. Kern*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE